C. E. T. PETERSON, Executor, Appellant, v. HENRY W. FLOBERG et al., Appellees.

No. 40959.

APRIL 5, 1932.

REHEARING DENIED SEPTEMBER 30, 1932.

Lester L. Orsborn and Addison G. Kistle, for appellant.

Ferguson & Ferguson and Clifford Powell, for appellees.

KINDIG, J.—On March 1, 1924, the appellees, Henry W. Floberg and Lena Mae Floberg, executed to Emma C. Floberg, now deceased, a promissory note payable March 1, 1934, in the principal sum of $23,000, together with interest thereon at the rate of five per cent per annum, payable annually. This note was secured by a mortgage on certain real estate in Page County.

Emma C. Floberg died testate on or about October 14, 1928. C. E. T. Peterson was named executor under the last will and testament of Emma C. Floberg. As such executor, the appellant now brings suit against the appellees to collect on the aforesaid note. The note and mortgage involved in this suit are the ones discussed in Floberg v. Peterson, 214 Iowa 1364. These cases were tried together in the district court. They were determined on the same record, and on this appeal it was stated by counsel that the one case would be determined by the final holding in the other.

In the Floberg v. Peterson case, supra, we said that the only amount due on the note was interest at the rate of five per cent per annum on $23,000 from March 1, 1928, until October 14 of that year. That is what the district court allowed the appellant on the note in the case at bar. Also in the Floberg v. Peterson case, supra, we concluded that the note and mortgage here sued upon should be reformed to the extent that without payment of the principal named, each instrument should become duly satisfied and discharged as and of the time the payee in the note and the mortgagee in the security contract died, to wit, October 14, 1928. By reformation, therefore, the note and mortgage were changed to be annuity contracts only. Because of the reformation, these annuity contracts terminated at the death of the said Emma C. Floberg. Under the reformed instruments, there is no basis for the appellant to recover any more than that allowed by the district court.

Accordingly, the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.